UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTE SUE HOEKSTRA,

    Plaintiff,

v.                                                                                      Hon. Jane M. Beckering

COMMISSIONER OF SOCIAL SECURITY,                       Case No. 1:22-cv-562

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff previously filed applications for DIB and SSI on January 9, 2015. Those claims were denied by Administrative Law Judge (ALJ) Manh H. Nguyen on June 29, 2017. (PageID.77–88.) Plaintiff filed her instant applications for DIB and SSI on September 24, 2019, alleging that she had been disabled since October 15, 2014, due to asthma, repetitive stress disorder/overuse

syndrome – ulnar neuro, migraine headaches, generalized anxiety disorder, hypertension, rheumatoid arthritis in lower back and both knees, and gastroparesis. (PageID.98–99, 191–94, 328–33, 335–44.) Plaintiff subsequently amended her onset date to September 5, 2017. (PageID.167, 487.) Plaintiff's applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ.

On March 3, 2021, ALJ Robert Tjapkes held a hearing and received testimony from Plaintiff and Michelle Ross, an impartial vocational expert (VE). (PageID.40–71.) On April 12, 2021, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled from her amended alleged onset date through the date of the decision. (PageID.167–81.) The Appeals Council denied Plaintiff's request for review on April 14, 2022. (PageID.26–29.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on June 17, 2022.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through September 30, 2019, and had not engaged in substantial gainful activity since her amended alleged onset date of September 5, 2017, the ALJ found that Plaintiff suffered from severe impairments of arthritis of the bilateral hands; degenerative disc disease of the lumbar spine; gastroesophageal reflux disease and hiatal hernia status post hernia surgeries; deep vein thrombosis of the right lower extremity; bilateral ankle sprains; fibromyalgia; bilateral sensorineural hearing loss; migraines;

---

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

sinusitis, and obesity. (PageID.170.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.172–74.)

The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she:

> can stand and/or walk for four hours during an eight-hour workday. The claimant can occasionally crouch, crawl, kneel, balance, stoop and climb ladders, ropes, scaffolds, ramps and stairs. The claimant can frequently reach, handle and finger. She cannot work around hazards such as unprotected heights or unguarded, moving machinery. There can be no use of foot controls with the right lower extremity. The claimant can have occasional exposure to extremes of atmospheric conditions as defined in the Selected Characteristics of Occupations. She can be exposed to moderate levels of noise as defined in the Selected Characteristics of Occupations. The claimant can understand, remember, and carry out simple instructions and tasks. She cannot perform any fast paced or production rate work.

(PageID.174.)

The ALJ found that Plaintiff could not perform her past relevant work as a medical assistant (PageID.179), at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Plaintiff could perform. *See Richardson*, 735 F.2d at 964. Based on testimony from the VE, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of light assembler and folder, approximately 219,000 of which existed in the national economy. (PageID.180.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Therefore, the ALJ concluded that Plaintiff was not disabled.

## DISCUSSION

Plaintiff raises two issues in her appeal, which concern the ALJ's evaluation of the prior administrative medical findings by Saadat Abbasi, M.D., and Larry Jackson, M.D., and the medical opinion of Renee Salyer, PA-C. (ECF No. 11 at PageID.2074.) In addition, with regard to the assessment of the prior administrative findings, Plaintiff contends that the ALJ should have obtained an updated medical opinion to address medical evidence received later in the period under consideration, after Drs. Abbasi and Jackson completed their reviews of the medical record.

### I.    Medical Opinions

Because Plaintiff filed her application after March 27, 2017, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(1)–(5) and 416.920c(1)–(5). The ALJ must explain his or her consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 404.l520c(b)(2), (3) and 416.920c(b)(2), (3). The regulations explain "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her

medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(1)–(2) and 416.920c(1)–(2).

The ALJ is to conduct this analysis with regard to all opinions, but is not required to give controlling weight to an opinion from any particular source. The former rule, well-known as "the treating physician rule[, thus] no longer applies. *See Takacs v. Kijakazi*, No. 1:20-cv-02120, 2022 WL 447700, at *8 (N.D. Ohio Jan. 26, 2022), *report and recommendation adopted*, 2022 WL 445767 (N.D. Ohio Feb. 14, 2022). "'Although the new standards are less stringent in their requirements for the treatment of medical opinions, they still require that the ALJ provide a coherent explanation of [his] reasoning.'" *Sadger v. Comm'r of Soc. Sec.*, No. 2:20-cv-11900, 2021 WL 4784271, at *13 (E.D. Mich. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4316852 (E.D. Mich. Sept. 23, 2021) (quoting *White v. Comm'r of Soc. Sec.*, No. 1:20-CV-588, 2021 WL 858662, at *21 (N.D. Ohio Mar. 8, 2021)).

## A.    Prior Administrative Findings

On February 28, 2020, state agency consultant Saadat Abbasi, M.D., reviewed the medical record, consisting of approximately four pages. He noted that Plaintiff had not returned her activities of daily living form and was not responding to the Agency's efforts to communicate with her. Dr. Abbasi determined that, because no new and material medical evidence of record had been received since the prior June 29, 2017 ALJ decision, it was appropriate to adopt the RFC for light work from that decision.[2] (PageID.104–08, 112.) On September 3, 2020, state agency consultant

---

[2] Dr. Abbasi also wrote, "D&D applied," referring to *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and *Dennard v. Secretary of Health and Human Services*,

Larry Jackson, M.D., reviewed the record, consisting of a two-page summary of the medical evidence, and wrote that, although new evidence had been received, there were no significant functional changes since the June 29, 2017 decision. He noted that the current RFC was an adoption of the prior RFC. (PageID.140–41, 146.)

> The ALJ evaluated these administrative findings as follow:
>
> State agency consultants, Saadat Abbasi, M.D. and Larry Jackson, M.D. found the claimant could perform a range of light work, indicating they adopted the residual functional capacity from the prior decision (B4A, B8A). I find their assessments persuasive as to the determination that the claimant can perform a range of light work, as this is consistent with the medical evidence of record. As discussed above, the claimant's rheumatology examination revealed full range of motion, and there was no evidence of edema or neurological deficits. In addition, imaging of record did not reveal any severe degenerative or arthritic changes. The claimant also walked with a normal gait and demonstrated 5/5 strength in January 2020. In late 2020, she did not have any edema, joint swelling, or joint erythema. This evidence supports the determination that she can perform a range of light work. I note that I limited the claimant's ability to stand/walk to four hours during an eight-hour workday to further account for her pain. I also considered her reports regarding difficulty with concentration and memory and limited her to unskilled work with no production rate pace work. Because I find the record evidence warrants additional limitations, the State agency consultants' assessments are partially persuasive overall.

(PageID.178–79.)

Plaintiff contends that that the ALJ failed to properly assess the prior administrative findings because he failed to address the factor of supportability. She further contends that Drs. Abbasi and Jackson failed to cite objective medical evidence to support their findings. (ECF No. 11 at PageID.2082–83; ECF No. 13 at PageID.2106.) Although Plaintiff concedes that the ALJ properly addressed the consistency of the prior administrative findings with the medical evidence of record and cited substantial evidence supporting consistency, Plaintiff argues that remand is required because the ALJ failed to comply with the applicable regulations. Defendant responds

---

907 F.2d 598 (6th Cir. 1990), which deal with the effect of a prior determination on a subsequent alleged period of disability and consistency between proceedings. (PageID.112.)

that the ALJ properly complied with the regulations and that Drs. Abbasi and Jackson supported their findings with detailed discussions of the relevant objective medical evidence of record that proceeded their findings. (ECF No. 12 at PageID.2093.) Defendant further notes that the doctors explained the bases for their findings that the prior RFC for light work remained valid. (*Id.* at PageID.2094.) Finally, Defendant notes that the ALJ found the prior administrative findings only partially persuasive overall because he determined that the record supported a more restrictive RFC. (*Id.*)

Contrary to Plaintiff's contention, I conclude that the ALJ fully complied with the applicable regulations, 20 C.F.R. §§ 404.1520c and 416.920c(b)(1), by considering both consistency and supportability. As noted above, Plaintiff concedes that the ALJ fully considered consistency, and his discussion of that factor is supported by substantial evidence. In particular, the ALJ cited a January 2018 rheumatology evaluation that revealed full range of motion and no evidence of edema or neurological deficits (PageID.179, 990); a January 2020 imaging of the hip and spine that revealed no severe degenerative or arthritic changes (PageID.179, 1606–07); Plaintiff's normal gait and 5/5 normal muscle strength in January 2020 (PageID.179, 1527); and examination notes from December 2020, reporting that Plaintiff had no edema, joint swelling, or erythema (PageID.179, 1972), all of which was consistent with Drs. Abbasi's and Jackson's findings that Plaintiff could perform a range of light work. The ALJ found that this same evidence supported the prior administrative findings. (PageID.179.) Supportability "'focuses on the physicians' explanations of the opinions.'" *Hague v. Comm'r of Soc. Sec.*, No. 20-13084, 2022 WL 965027, at *2 (E.D. Mich. Mar. 30, 2022) (quoting *Vaughn v. Comm'r of Soc. Sec.*, No. 20-CV-1119, 2021 WL 3056108, at *10 (W.D. Tenn. July 20, 2021)); *see also Croft v. Comm'r of Soc. Sec.*, No. 3:22-CV-511, 2022 WL 17717495, at *7 (N.D. Ohio Nov. 10, 2022) (noting that

supportability "compares a medical source's opinion with the medical evidence generated by that medical source herself, whether the results of medical testing, studies or treatment records"). Here, in support of his finding that the prior RFC should be adopted, Dr. Abbasi explained that Plaintiff had not returned her activities of daily living form and no new and material evidence of record supported a deviation from the prior RFC. (PageID.112.) Similarly, Dr. Jackson explained that the prior RFC was adopted because, even though new evidence had been received, it failed to support significant functional changes. (PageID.146.) Although Plaintiff asserts that the doctors did not author the discussions of the medical evidence in the Disability Determination Explanations that Defendant cites (ECF No. 13 at PageID.2106), she offers no argument or evidentiary support to conclude that they did not review those discussions, which covered most of the evidence the ALJ cited, in concluding that the prior RFC for light work remained valid. The evidence the ALJ cited thus went to both consistency and supportability. Finally, it is notable that the ALJ found the prior administrative findings only partially persuasive in light of his determination that additional exertional limitations were warranted.

Accordingly, this argument lacks merit.

**B.      Renee Salyer, PA-C**

PA Salyer treated Plaintiff every two-to-four months since approximately January 2020. On January 13, 2021, she completed a Treating Source Statement – Physical Conditions. (PageID.2025–28.) She opined that Plaintiff was capable of less than sedentary work, would be off task at least 25 percent of the workday, and would miss more than four days of work per month. (PageID.2025–26.) She further opined that Plaintiff could sit for four hours and stand/walk for two hours during an eight-hour workday and would need to elevate her legs at least 50 percent of the time. (PageID.2026.) PA Salyer indicated that Plaintiff's chronic neck pain limited use of her upper extremities and that chronic osteoarthritis causing knee and ankle pain limited her ability to use

10

foot controls. (PageID.2027.) She cited Plaintiff's lumbar spine x-ray and rheumatology test results as the bases for these limitations. (PageID.2026.)

The ALJ assessed the opinion as follows:

Ms. Salyer's opinion is not persuasive, as the degree of limitation is not consistent with the medical evidence of record. Imaging of the right knee showed "mild" degenerative changes with "very small" joint effusion (B11F/7). Imaging of the ankles did not show evidence of osteoarthritis (B11F/45, 122, 129). Imaging of the right hip was normal with no evidence of osteoarthropathy (B15F/91). Imaging of the lumbar spine showed degenerative disc disease at L5 to S1 with no evidence of abnormal motion on flexion and extension imaging (B15F/92). Imaging of the hands suggested osteoarthritis (B9F/28). The medical evidence does not include diagnostic imaging or testing outlining severe and/or chronic degenerative changes or osteoarthritis. Rheumatology examinations revealed full range of motion of the spine, shoulders, elbows, wrists, fingers, hips, knees, and ankles (B9F/7, 14, 21). Additionally, there was no active swelling, tenderness, or synovitis of any joint (B9F/7, 14, 21). Moreover, the claimant's extremities were normal and atraumatic without cyanosis or edema (B9F/7, 14, 21). Ms. Salyer limited the claimant's ability to use her upper extremities due to neck pain; however, as mentioned directly above, the claimant demonstrated full range of motion of her upper extremities. She also exhibited normal range of motion of the neck (B11F/58, 99, 112, 126; B13F/123; B14F/54). In January 2020, the claimant demonstrated 5/5 strength in the bilateral lower extremities, and she walked with a normal gait (B15F/12). Although she reported chronic inflammation in December 2020, there was no evidence of any edema, joint swelling, or joint erythema (B21F/7-9). This medical evidence does not support the degree of limitation set forth in Ms. Salyer's opinion. In addition, in October 2017, the claimant reported she was a full-time student (B17F/46). The claimant's June 2018 treatment notes indicated she was going to school to get her Master's degree in counseling and anticipated finishing the program that month (B10F/16). The claimant reported traveling to Texas for two weeks in the fall of September 2019 (B13F/60). In January 2020, she reported she was returning to school that semester to study counseling/social work (B15F/14). In her Function Report, she indicated she was able to drive, prepare simple meals, shop for an hour and a half twice a month, attend church and picnics, sweep, and wash the toilet and sink (B15E). These self-reported activities do not support the degree of limitation set forth by Ms. Salyer. Accordingly, this opinion is not persuasive.

(PageID.178.) The ALJ properly addressed both supportability and consistency in assessing the opinion's persuasiveness.

Plaintiff asserts, however, that the ALJ's assessment is deficient in two respects and thus not supported by substantial evidence. First, she argues that PA Salyer cited Plaintiff's chronic

neck pain as the cause of Plaintiff's manipulative limitations, but the evidence the ALJ cited to support that Plaintiff exhibited normal neck range of motion (PageID.1114, 1155, 1168, 1182, 1381, 1505) did not cover the period after June 2020. (ECF No. 11 at PageID.2085.) Defendant responds that the relevant period began in September 2017, so the ALJ appropriately cited evidence covering the period prior to June 2020. Defendant further notes that Plaintiff fails to cite post-June 2020 evidence supporting greater limitations, and cites a July 15, 2020 examination note showing that Plaintiff continued to have normal neck range of motion after June 2020. (ECF No. 12 at PageID.2097 (citing PageID.1639).) Plaintiff replies that two notes from December 2020 provide such evidence. (ECF No. 13 at PageID.2107 (citing PageID.1970 and 1973).)

This argument lacks merit. As an initial matter, the mere diagnosis of a condition does not justify relief. *See, e.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis . . . of course, says nothing about the severity of the condition."); *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."). Instead, Plaintiff must point to evidence establishing that her impairment resulted in functional limitations. The evidence Plaintiff cites does not support further limitation. The first note is from a December 7, 2020 phone encounter in which Plaintiff reported "some generalized edema" in her face, hands, and feet following an emergency room visit for elevated blood pressure and shortness of breath the previous day. (PageID.1973.) The second note is from an office visit ten days later, in which Plaintiff reported "chronic inflammation" and intermittent swelling of her hands with "some feeling of joint and soft tissue aches diffusely," but denied "joint redness or swelling or excess stiffness." On examination, the doctor found no edema, joint swelling, joint erythema, or cyanotic nailbeds. (PageID.1970.) The ALJ considered this evidence but found that it did not support the degree of limitation set forth

in PA Salyer's opinion. (PageID.178.) Plaintiff fails to demonstrate that the ALJ's interpretation of the evidence was unreasonable.

Plaintiff also contends that the ALJ's discussion of her activities was deficient because he cited her intent to return to school, but not an actual return to school. (ECF No. 11 at PageID.2085.) As Defendant correctly notes, the evidence demonstrates that Plaintiff in fact attended school throughout the relevant period, and in August 2020 complained about issues she was then experiencing with "grad school" (PageID.2007), thus demonstrating that she had in fact returned to school. In any event, the ALJ properly considered all of Plaintiff's reported activities in finding PA Salyer's opinion not persuasive. *See Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 196 (6th Cir. 2020). Moreover, the ALJ accounted for Plaintiff's issues with concentration and memory resulting from her fibromyalgia by limiting her to work involving understanding, remembering, and carrying out simple instructions and tasks without fast-paced or production-rate requirements. (PageID.174, 179.) Plaintiff cites no evidence warranting greater mental limitations.

Therefore, this argument lacks merit.

## II.    Failure to Fully Develop the Record

Last, Plaintiff contends that the ALJ failed to develop the record because he did not obtain a medical opinion to address the December 7 and 17, 2020 treatment notes and fill the opinion gap resulting from his treatment of the prior administrative findings and medical opinions of record. Plaintiff points out that Drs. Abbasi and Jackson completed their reviews before the December 2020 evidence was available, and although it was available to PA Salyer when she issued her opinion, the ALJ rejected that opinion and thus lacked a medical opinion addressing this "critical body of evidence that was potentially disabling." (ECF No. 11 at PageID.2084.) Plaintiff further contends that the Court should remand the matter for a new medical opinion to allow the ALJ to craft a proper RFC, because the evidence upon which the ALJ relied to deviate from the findings

of Drs. Abbasi and Jackson was "not simple and susceptible to layperson interpretation," particularly in light of Plaintiff's impairments of arthritis, fibromyalgia, and hernias. (*Id.* at PageID.2085.)

In a recent published decision, the Sixth Circuit confirmed that an ALJ has a duty to adequately develop the record only in "extreme circumstances." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 564 (6th Cir. 2022). Plaintiff fails to demonstrate (or even argue) that such circumstances exist, relying instead on the lack of a medical opinion to cover a portion of the period under consideration. But an ALJ's articulation of an RFC without the benefit of a medical opinion is generally not a basis for remand.  This is because the ALJ—not a physician—is charged with the responsibility of determining a claimant's RFC based on the evidence as a whole. 20 C.F.R. §§ 404.1545(a)(1), (3) and 416.945(a)(1), (3); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (noting that "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding"). "Although the RFC must be supported by evidence of record, it need not correspond to, or even be based on any specific medical opinion." *Simon v. Comm'r of Soc. Sec.*, No. 2:16-CV-259, 2017 WL 1017733, at *6 (S.D. Ohio Mar. 16, 2017), *report and recommendation adopted*, 2017 WL 3172717 (S.D. Ohio July 25, 2017) (citing *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015)). The ALJ's decision shows that he considered the record as a whole (PageID.174), and that his RFC determination was based on such evidence. *See Van Pelt v. Comm'r of Soc. Sec.*, No. 1:19 CV 2844, 2020 WL 7769729, at *12 (N.D. Ohio Dec. 30, 2020) ("If it can be supported for an ALJ to reject all medical opinion evidence of record and formulate an RFC based on the record as a whole, then it certainly can also be supported for an ALJ to rely (in part) on outdated medical opinions without obtaining updated opinion evidence,

so long as the ALJ's ultimate decision is supported by substantial evidence.") (citing *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401–02 (6th Cir. 2018), and *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009)).

Plaintiff fails to show that the ALJ acted outside his assigned role by "playing doctor" or improperly exercising medical judgment. Instead, the ALJ considered the medical record, as he was required to do, and formulated an appropriate RFC supported by substantial evidence. Plaintiff thus fails to demonstrate error.

## CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's decision be **affirmed**.


Dated: January 11, 2023                                    /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).