UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTE SUE HOEKSTRA,

    Plaintiff,

v.

    Case No. 1:22-cv-562

    HON. JANE M. BECKERING

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The matter is presently before the Court on Plaintiff's three objections to the Report and Recommendation (ECF No. 15). Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*First Objection.* Plaintiff's first objection concerns the Magistrate Judge's application of 20 C.F.R. §§ 404.1520c(b)(2), (c)(1) and 416.920c(b)(2), (c)(1), specifically relating to the evidence supporting the Administrative Law Judge (ALJ)'s residual functional capacity (RFC) determination. On appeal, Plaintiff argued that the ALJ's RFC determination was unsupported by

substantial evidence because the ALJ "failed to properly assess the prior administrative medical findings and develop the record" (Initial Brief, ECF No. 11 at PageID.2074).  The Magistrate Judge rejected Plaintiff's argument, concluding that the ALJ "fully complied by the applicable regulations, … by considering both consistency and supportability" and that the ALJ's "discussion of consistency [wa]s supported by substantial evidence" (R&R, ECF No. 14 at PageID.2117).

In the instant objection, Plaintiff argues that "the report of the State Agency consultants (Dr. Abbasi and Dr. Jackson)" relied on by the Magistrate Judge are "neither 'supporting explanations' nor 'presented by' the qualified opining source" pursuant to 20 C.F.R. §§ 404.1520c(c)(1) and 416.920c(c)(1) (Pl. Objs., ECF No. 15 at PageID.2124–2125).  Plaintiff's argument does not reveal any error in the Magistrate Judge's analysis or ultimate conclusion.  The Magistrate Judge rejected Plaintiff's argument on appeal because Plaintiff "offer[ed] no argument or evidentiary support to conclude" that the State Agency consultants, Dr. Abbasi and Dr. Jackson, did not author or review the medical evidence cited by the ALJ (R&R, ECF No. 14 at PageID.2117–2118).  Moreover, the Magistrate Judge concluded that "the ALJ found the prior administrative findings only partially persuasive in light of his determination that additional exertional limitations were warranted" and that "an ALJ's articulation of an RFC without the benefit of a medical opinion is generally not a basis for remand" (*id.* at PageID.2118, 2122).  Plaintiff fails to address the analysis or ultimate conclusion by the Magistrate Judge in her objection.

Plaintiff also argues that the Magistrate Judge "failed to acknowledge" Plaintiff's argument on appeal that "the ALJ did not address supportability at all", and Plaintiff further asserts that she did not concede that "the ALJ properly addressed consistency" (Pl. Objs., ECF No. 15 at PageID.2125).  While Plaintiff may disagree with the result of the Magistrate Judge's

determination, her objection reveals no factual or legal error by the Magistrate Judge. Plaintiff's argument simply amounts to a request that the Court reweigh the evidence and reach a different conclusion, which is not a proper basis for reversal. *See Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 398 (6th Cir. 2016); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) ("If it is supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently.").

In short, Plaintiff's first objection is properly denied.

***Second Objection.*** Plaintiff's next objection focuses on a nuance of a recent Sixth Circuit published opinion, *Moats v. Commissioner of Social Security*, 42 F.4th 558, 564 (6th Cir. 2022) (stating that "absent … acute circumstances, [courts] do not 'heighten' the ALJ's fact-finding responsibility, even where a claimant is unsophisticated and appears without counsel" and finding that "Moats's case is not one of extreme circumstances"). On appeal, as to the ALJ's development of the record, the Magistrate Judge concluded that Plaintiff "fail[ed] to demonstrate (or even argue) that such circumstances exist, relying instead on the lack of a medical opinion to cover a portion of the period under consideration" (R&R, ECF No. 14 at PageID.2122) (citing *Moats*).

In the objection at bar, Plaintiff argues that the Magistrate Judge wrongly interpreted *Moats* as indicating that "an ALJ has a duty to adequately develop the record only in 'extreme circumstances'" but that the *Moats* court instead said only that it would "not 'heighten' the ALJ's fact-finding responsibility absent acute circumstances" (Pl. Objs., ECF No. 15 at PageID.2125). Plaintiff also "requests further development of the record to determine whether Plaintiff can maintain employment" (*id.* at PageID.2126).

Plaintiff's argument does not reveal any factual or legal error in the Magistrate Judge's application of *Moats*. Further, even assuming arguendo that the Magistrate Judge misapplied

3

*Moats*, the Magistrate Judge ultimately concluded that Plaintiff failed to demonstrate or argue that extreme or "acute circumstances" exist, and that Plaintiff "fail[ed] to show that the ALJ acted outside his assigned role … or improperly exercise[ed] medical judgment" (R&R, ECF No. 14 at PageID.2122–2123). Therefore, Plaintiff's objection is properly denied.

**Third Objection.** In her third objection to the Report and Recommendation, Plaintiff argues that this Court should "decline to adopt [the] Magistrate Judge['s] assessment concerning Plaintiff's schooling" because the "ALJ did not duly discuss Plaintiff's issues with schooling before using schooling to condemn PA Salyer's opinion, and [the] Magistrate Judge … did not duly address this error" (Pl. Objs., ECF No. 15 at PageID.2126).

Plaintiff's objection lacks merit. On appeal, Plaintiff argued that the ALJ's RFC determination was unsupported by substantial evidence because the ALJ "failed to properly assess PA Salyer's opinion" (Initial Brief, ECF No. 11 at PageID.2074). The Magistrate Judge rejected this argument, concluding that the ALJ "properly addressed both supportability and consistency in assessing [RA Salyer's] opinion's persuasiveness" (R&R, ECF No. 14 at PageID.2119). The Magistrate Judge concluded that "the evidence Plaintiff cites does not support further limitation" and that "Plaintiff fails to demonstrate that the ALJ's interpretation of [Plaintiff's] evidence"— that it did not support the degree of limitation set forth in PA Salyer's opinion—"was unreasonable" (*id.* at PageID.2121–2122) (citing Administrative Proceedings Tr. (Admin. Proc. Tr.), ECF No. 6-3 at PageID.178).

Thus, in considering the ALJ's assessment of Plaintiff's "issues with schooling," the Magistrate Judge determined that the ALJ "properly considered all of Plaintiff's reported activities in finding PA Salyer's opinion not persuasive" and "accounted for Plaintiff's issues with concentration and memory resulting from her fibromyalgia by limiting her to work involving

4

understanding, remembering, and carrying out simple instructions and tasks without fast-paced or production-rate requirements" (R&R, ECF No. 14 at PageID.2121) (citing Admin. Proc. Tr., ECF No. 6-3 at PageID.174, 179). Contrary to Plaintiff's argument, the record reflects that the Magistrate Judge thoroughly addressed the ALJ's discussion of Plaintiff's schooling and PA Salyer's opinion.

In sum, Plaintiff's objections lack merit, and the Report and Recommendation is properly adopted as the Opinion of the Court. For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Objections (ECF No. 15) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 14) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: April 19, 2023                                              /s/ Jane M. Beckering
                                                                             JANE M. BECKERING
                                                                             United States District Judge